UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH LOFF,

    Plaintiff,

v

UNUM LIFE INSURANCE COMPANY
OF NORTH AMERICA

    Defendant,

---------------------------------------------------------/

**COMPLAINT**

Plaintiff states:

**Nature of Action and Jurisdiction**

1. This is a civil complaint brought under ERISA §502, 29 USC 1132, and federal common law, regarding breach of the terms of an employee benefit plan, for the purpose of compelling Defendant to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's failure to do so.

2. This Court has jurisdiction pursuant to ERISA §§502(e)(1), (f), 29 USC 1132(e)(1), (f), and 28 USC 2201.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 USC 1132(e)(2).

1

## Parties and General Allegations

4. Plaintiff Ralph Loff is a participant, within the meaning of ERISA §3(7), 29 USC 1002(7), in a welfare benefit plan ("Plan") by virtue of his former employment with Michigan Automotive Compressor, Inc. Plaintiff resides in Manitou Beach, Michigan.

5. Defendant Plan is a welfare benefit plan within the meaning of ERISA §3(1), 29 USC 1002(1). The Plan was issued by defendant Unum Life Insurance Company of North America ["Unum"] to Michigan Automotive Compressor, Inc., (MACI) as plan sponsor.

6. Defendant Unum is a foreign corporation that is and was at all material times doing business in this district.

7. Unum issued the Plan, and MACI is named plan administrator and fiduciary, within the meaning of ERISA §§3(16), 402(a)(2), 29 USC 1002(16), 1102(a)(2), with respect to the Plan. However, Unum has been acting as Plan Administrator and fiduciary in this case.

8. On or about April 23, 2019, Plaintiff stopped working and eventually became entitled to payment of disability monthly benefits and a waiver of life insurance premiums under the Plan. Unum paid these benefits to Plaintiff until October 29, 2021.

9. On or about October 21, 2021, Plaintiff received a letter from Unum stating that his monthly disability benefits under the Plan were discontinued after October 29, 2021. On or about November 1, 2021, Plaintiff received a similar letter from Unum stating that his life insurance premium waiver was being discontinued as well.

10. Despite repeated demands by Plaintiff, Defendant has failed to reinstate Plaintiff's disability benefits and life insurance premium waiver.

11. Plaintiff formally appealed the denial and discontinuation of disability benefits and life insurance premium waiver in accordance with the Plan's claims review and appeal procedure. On June 21, 2022, Unum denied Plaintiff's appeal and upheld its earlier decision. Unum only offered one level of appeal, and stated its administrative review process had concluded.

**Count I Action Under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), to Recover Full Benefits**

11. Plaintiff incorporates by reference paragraphs 1 through 10.

12. The discontinuation of Plaintiff's disability benefit payments are in direct violation of the terms of the Plan.

**Prayer for Relief**

PLAINTIFF REQUESTS that the Court grant the following relief:

a. a declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), and 28 USC 2201, declaring that Plaintiff is entitled to grant of the life insurance premium waiver and group disability benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Defendant has violated the Plan by discontinuing these benefits;

b. preliminary and permanent injunctions pursuant to ERISA §502(a)(3), 29 USC 1132(a)(3), and Fed R Civ P 65, enjoining Defendant from discontinuing, reducing, limiting, or

terminating the life insurance premium waiver and disability benefits payable to Plaintiff under the Plan;

      c. a full and accurate accounting by Defendant of all computations for Plaintiff's disability benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount;

      d. an order compelling Defendant to pay Plaintiff forthwith the full amount of disability benefits due him and life insurance premium waiver benefits and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits;

      e. reasonable attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1);

      f. such other relief as may be just and appropriate.

Respectfully submitted this 16th day of August, 2022.

s/Jacob Bender
Cooper, Bender & Bender, P.C.
4153 Occidental Highway
P.O. Box 805
Adrian, Michigan 49221
517-263-7884
frontdesk@cooperandbenderpc.com
P-78743
